UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY MICHAEL BUTLER,

        Plaintiff,                              Case Number: 1:21-cv-10763
                                                        Honorable Thomas L. Ludington

v.

ELIZABETH KELLY and
DUNCAN BEAGLE,

        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

This matter is before the Court on Plaintiff Anthony Michael Butler's pro se civil rights cmplaint filed under 42 U.S.C. § 1983. Plaintiff is a pretrial detainee incarcerated at the Genesee County Jail in Flint, Michigan. He raises claims concerning the alleged suspension of habeas corpus, the denial of due process, violation of his right to a speedy trial, involuntary servitude, access to the courts, conspiracy and equal protection. He names two Defendants: Genesee County Circuit Court Judge Elizabeth Kelly and Chief Judge Duncan M. Beagle. They are named in their individual and official capacities. Butler seeks injunctive and monetary relief. The Court has granted Plaintiffs leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). For the reasons set forth, the Complaint will be dismissed.

**I.**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.

*Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

## II.

Defendants Beagle and Kelly are entitled to absolute immunity. Judges are entitled to absolute judicial immunity on claims for damages. *Mireles v Waco*, 502 U.S. 9, 9–10 (1991) (per curiam). The 1996 amendments to § 1983 extended absolute immunity for state judicial personnel to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity). Determining if an action is "judicial" depends on the "'nature of the act itself, i.e., whether it is a function normally performed by a judge,'" and "'the expectations of the parties, i.e., whether they dealt with the judge in [the judge's] judicial capacity.'" *Mireles*, 502 U.S. at 13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). A judge's acts do not become non-judicial simply because they are erroneous or "in excess of [the judge's] authority"; if that were the case, then "any mistake of a judge in excess of [the judge's] authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id*. at 12. A judge is not immune, however, under two circumstances: (1) "for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;" and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11–12 (citations omitted).

Plaintiff's allegations against Defendants Kelly and Beagle are related to the handling of his state criminal proceeding. The complained-of actions concern the performance of tasks and

duties that were judicial in nature. To the extent that Plaintiff alleges that Defendant Beagle's decision to close or delay state court proceedings in response to the COVID-19 pandemic was a nonjudicial action for which he was not entitled to immunity, this claim is meritless. Michigan Court Rule 8.110(C) grants a chief judge the power to "supervise caseload management and monitor disposition of the judicial work of the court" and "direct the apportionment and assignment of the business of the court." Mich. Ct. R. 8.110(3)(a), (b). Thus, Defendant Beagle's actions were part of his express authority as Chief Judge and because they were "so inherently related to the essential functioning of the court[ ] as to be traditionally regarded as [a] judicial act" are protected by judicial immunity. *Sparks v. Character & Fitness Comm. of Ky.*, 859 F.2d 428, 433 (6th Cir. 1998).

Finally, to the extent that Plaintiff has generally claimed that the judges were involved in a conspiracy against him, it is well-settled in the Sixth Circuit that conspiracy claims must be pleaded "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus*, 409 F. App'x 826, 835 (6th Cir. 2010). Plaintiff's vague, unsubstantiated and conclusory allegation of conspiracy fails to state a cognizable claim against the Defendants.

### III.

Accordingly, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**. The Court also finds that an appeal in this case would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiff is not certified to pursue an appeal from this Judgment in forma pauperis. U.S.C. § 1915(a)(3). Nevertheless, if Plaintiff decides to file a notice of appeal, he may

seek leave from the Court of Appeals to proceed on appeal in forma pauperis. *See* Fed. R. App. P. 24(a)(5).

Dated: July 22, 2021                                                                 s/Thomas L. Ludington
                                                                                     THOMAS L. LUDINGTON
                                                                                     United States District Judge